UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: _____

RAFAEL CARNET,           )
                         )
    Plaintiff,           )
                         )
v.                       )
                         )
SUNTECH PLUMBING CORP,   )
                         )
    Defendant.           )
                         )
_____)

## COMPLAINT

Plaintiff Rafael Carnet ("Carnet" or "Plaintiff") sues defendant SUNTECH PLUMBING CORP ("Suntech" or "Defendant") and alleges as follows:

## NATURE OF ACTION

1. This action arises out of Carnet's employment relationship with Defendant, including his wrongful termination in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA")[1].

## PARTIES

2. At all times material, Carnet was a resident of Miami-Dade County, Florida.

3. At all times material to this Complaint, Carnet was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

---

[1] Plaintiff will file a Charge of Disability Discrimination and Retaliation with the EEOC. As soon as the EEOC issues its Right to Sue, the Plaintiff will move to amend this complaint to include claims of discrimination and retaliation under the ADA and the FCRA.

4. At all times material, Suntech was an "employer" as defined by 29 U.S.C. § 2611(4).

5. Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

6. At all times material, Suntech was a Florida corporation having its main place of business in Doral, Florida. Suntech is and at all times relevant was, a plumbing contractor and its business activity affected interstate commerce.

## JURISDICTION AND VENUE

7. Carnet brings this action pursuant to the FMLA, 29 U.S.C. § 2601 *et seq*.

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(3) and (4) and 28 U.S.C. § 2617.

9. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of by Carnet occurred within this judicial district and because Suntech has its principal place of business within the district, resides in the judicial district and because the employment records of Carnet are stored or have been administered, in Miami-Dade County.

## PROCEDURAL REQUIREMENTS

10. Carnet has complied with all conditions precedent in filing this action. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## GENERAL ALLEGATIONS

11. Carnet worked for the Defendant for almost two years after being hired on or about January 8, 2020.

12. Suntech considered Carnet a good employee.

13. From his date of hire until his unlawful termination on or about September 17, 2021, Carnet received satisfactory feedback from Defendant about his work performance.

14. On or about Friday, July 23, 2021, Plaintiff began feeling COVID-19 type symptoms at work.

15. On or about Monday, July 26, 2021, Plaintiff communicated to his supervisor, Jehovany (ULN), that Plaintiff needed to go to the doctor because he began having COVID-19 type symptoms. Similarly, on that same day, Plaintiff communicated to his supervisor, Joel Santana that Plaintiff was going to see a doctor because he began having COVID-19 type symptoms.

16. On or about July 29, 2021, Mr. Carnet communicated to Mr. Santana that had COVID positive and that he felt very ill.

17. On or about July 31, 2021, Mr. Carnet made an appointment to test for COVID-19 at Walgreens. He could not attend his appointment because he felt very ill and could not get out of bed.

18. On or about August 4, 2021, Mr. Santana contacted Mr. Carnet and told him that Jehovany (ULN) was requesting proof that Plaintiff was COVID positive in order for Plaintiff to get paid for the time he was off.

19. On or about August 8, 2021, Plaintiff was admitted in the hospital because he had problems breathing. He tested positive for COVID. On that same day, Plaintiff learned that his mother had died from COVID-19 in Homestead, Florida.

20. On or about August 9, 2021, Jehovany (ULN) and another supervisor, Yohan Isaac, contacted Plaintiff to give him condolences and to ask how Mr. Carnet was doing. At this time, Plaintiff had been diagnosed with severe pneumonia caused by COVID.

21. On or about August 10, 2021, Plaintiff again tested positive for COVID-19.

22. Mr. Carnet left the hospital with oxygen and medication on or about August 14, 2021.

23. On or about August 23, 2021, Plaintiff called Mr. Isaac to explain his serious medical condition. Mr. Isaac communicated to Plaintiff that he needed to bring documents showing that Plaintiff had COVID.

24. On or about August 25, 2021, Plaintiff went to see his doctors and received a doctor's note that said that Mr. Carnet could go back to work in 15 days (the "Doctor's Note").

25. On or about August 30, 2021, Mr. Carnet went to the Defendant's office and met with Mr. Jorge Stephens, one of Defendant's engineers. Mr. Stephens called Defendant's owner, Mr. Zairon Rosero to meet Plaintiff. Upon Mr. Rosero's arrival, Plaintiff showed him approximately 30 pages of documents regarding Plaintiff's medical condition, documents showing that he had COVID, and the Doctor's Note.

26. In response, Mr. Rosero explained "I do not have time to go over 30 pages of medical documents; I only want to see the documents that show you tested positive for COVID." Mr. Carnet replied that he did not know which specific document said it and promised to go back home and look for the document within the 30 or so pages.

27. On or about September 3, 2021, Plaintiff sent Mr. Rosero a copy of the COVID positive test, but Mr. Rosero never responded.

4

28. On or about September 7, 2021, in light of Mr. Rosero non-responsiveness, Plaintiff showed up at the offices of the Defendant and brought with him originals of his COVID tests and of the Doctor's Note. Mr. Rosero's assistant, Caitlyn Jofre, made copies of these documents for Mr. Rosero.

29. Later, Mr. Rosero met with Plaintiff and told him that the construction project where Mr. Carnet worked no longer needed Mr. Carnet. Plaintiff then requested to be paid at least 15 days for the time he took off due to COVID and COVID-related symptoms. Mr. Rosero replied "we will enter your documents into the system to get processed, call us later."

30. On or about September 14, 2021, Plaintiff contacted Mr. Rosero and asked him "so, when do you think I am going to get paid?" Mr. Rosero did not respond.

31. On or about September 16, 2021, Plaintiff again contacted Mr. Rosero and stated that he felt Defendant was giving him the run around. In response, Mr. Rosero stated "call accounting."

32. On or about September 17, 2021, Plaintiff called the accounting department and spoke to Ms. Jofre. After Mr. Carnet inquired about his pay, Ms. Jofre replied "the owner, Zairon, says the company will not pay you anything. You no longer work here." Then, Ms. Jofre abruptly hung up the phone.

33. Carnet timely reported his serious medical condition, and at all times relevant, his request for leave was approved.

34. Defendant never advised Plaintiff that he may be eligible for FMLA, never provided Plaintiff with any FMLA paperwork, and never engaged in any discussions pertaining to leave or reasonable accommodations for Plaintiff's illness and serious medical condition.

## COUNT I: INTERFERENCE WITH FMLA RIGHTS
## (FAILURE TO PROVIDE FMLA INFORMATION)

35. Carnet repeats and re-alleges paragraphs 1-34 as if fully stated herein.

36. From the Plaintiff had COVID-type symptoms until the time of his termination, Carnet was eligible for FMLA leave.

37. At all times material, Carnet gave proper notice to Suntech by informing it of his serious medical condition, which required hospitalization and the use of an oxygen tank.

38. Plaintiff's medical condition due to contracting COVID-19, which required hospitalization, was a serious medical condition.

39. Defendant had the power to fire and hire Plaintiff.

40. Defendant controlled Plaintiff's work schedule and conditions of employment.

41. Defendant determined the rate and method of payment for Plaintiff.

42. Carnet provided enough information for Suntech to know that his leave may be covered by the FMLA.

43. Despite its knowledge of Carnet's medical condition, Suntech failed to notify Carnet of his eligibility status and rights under the FMLA and failed to notify Carnet whether his leave was or could be designated as FMLA leave.

44. When Defendant failed to notify Carnet of his eligibility status and rights under the FMLA and failed to notify Carnet whether his leave was or could be designated as FMLA leave, the Defendant interfered with Carnet's rights under the FMLA.

45. As a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

    A. Enter judgment in Carnet's favor and against Suntech for interfering with Plaintiff's rights under the FMLA;

   B. Award Carnet actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

   C. Award Carnet liquidated damages;

   D. Award Carnet prejudgment interest on his damages award;

   E. Award Carnet reasonable costs and attorney's fees;

   F. Award Carnet any further relief pursuant to the FMLA; and

   G. Grant Carnet such other and further relief as this Court deems equitable and just.

## COUNT II: INTERFERENCE WITH FMLA RIGHTS (TERMINATION)

46. Carnet repeats and re-alleges paragraphs 1-45 as if fully stated herein.

47. From the Plaintiff had COVID-type symptoms until the time of his termination, Carnet was eligible for FMLA leave.

48. At all times material, Carnet gave proper notice to Suntech by informing it of his serious medical condition, contraction of COVID-19 which led to Carnet's hospitalization and pneumonia.

49. Carnet provided enough information for Suntech to know that his leave may be covered by the FMLA.

50. Despite its knowledge of Carnet's medical condition, Suntech terminated Carnet instead of affording him the opportunity to take full FMLA leave.

51. When Suntech fired Carnet, it interfered with Carnet's rights under the FMLA.

52. As a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

   A. Enter judgment in Carnet's favor and against Suntech for interfering with Plaintiff's rights under the FMLA;

   B. Order reinstatement or compensatory mental damages;

  C. Award Carnet actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

  D. Award Carnet liquidated damages;

  E. Award Carnet prejudgment interest on his damages award;

  F. Award Carnet reasonable costs and attorney's fees;

  G. Award Carnet any further relief pursuant to the FMLA; and

  H. Grant Carnet such other and further relief as this Court deems equitable and just.

## COUNT III: VIOLATION OF THE FMLA
## (RETALIATION)

53. Carnet repeats and re-alleges paragraphs 1-52 as if fully stated herein.

54. Suntech terminated Carnet following his request for time off while enduring COVID and pneumonia, which constitute FMLA requests for leave.

55. Suntech terminated Carnet because he requested FMLA leave as described above. Specifically, Carnet requested FMLA leave when he explained that he needed time off while he was exhibiting symptoms of severe pneumonia, COVID and time off according to Plaintiff's Doctor's Note. The illness that afflicted Carnet, which necessitated hospitalization, was a serious medical condition.

56. Suntech has intentionally engaged in unlawful employment practices in violation of the FMLA, by retaliating against Carnet for having requested to take leave for medical reasons.

57. Carnet's request for medical leave pursuant to the FMLA was a direct and proximate cause of his termination.

58. As a direct and proximate result of the intentional violations by Suntech of Carnet's rights under the FMLA, Carnet has been damaged.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter judgment in Carnet's favor and against Suntech for its violations of the FMLA;

B. Award Carnet actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

C. Award Carnet compensatory damages under the FMLA for embarrassment, anxiety, humiliation and emotional distress Carnet has and continues to suffer;

D. Award Carnet liquidated damages;

E. Order reinstatement;

F. Award Carnet prejudgment interest on his damages award;

G. Award Carnet reasonable costs and attorney's fees; and

H. Grant Carnet such other and further relief as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues triable in each count of this Complaint.

Dated: November 17, 2021.

By:      /s/ Tanesha W. Blye
Tanesha W. Blye, Esq.
Fla. Bar No.: 738158
Email: tblye@saenzanderson.com

Aron Smukler, Esq.
Fla. Bar No.: 297779
Email: asmukler@saenzanderson.com

R. Martin Saenz, Esq.
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Trial Counsel for Plaintiff*